# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GINA GROUP, LLC, a New York Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.: 1:23-cv-5882<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") for its Complaint against Defendant Gina Group, LLC ("Gina Group") and DOES 1-10 (collectively "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for patent infringement arising under the patent laws of the United States.

2. This Court has subject matter jurisdiction over the claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a).

3. This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts.

1
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

4. This Court has personal jurisdiction over Defendant because Defendant is incorporated, domiciled, and/or does business within this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

6. Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Goleta, California.  Deckers designs and markets footwear products under a number of well-known brands, including UGG® products covered by the intellectual property asserted in this Complaint.

7. Upon information and belief, Defendant Gina Group, LLC,  is a corporation organized and existing under the laws of the state of New York, with an office and principal place of business located at 10 West 33rd Street, New York 10001.

8. Deckers is informed and believes that, together with Defendant Gina Group other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Gina Group) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10, because their true names and capacities are currently unknown to Deckers.  Deckers will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are

ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Deckers' UGG® Brand**

9.      Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975.  Deckers owns and markets its footwear products under several distinctive trademarked brands, including UGG®, Teva®, HOKA®, Koolaburra®, and Sanuk®.

10.     Deckers' UGG® brand is one of the most well-recognized premium comfort-leisure shoe brands in the United States.  Since 1979, when the UGG® brand was founded, the popularity of UGG® footwear has steadily grown in the U.S. and around the world.  UGG® footwear has been and remains highly coveted today by consumers as one of the most popular and recognizable symbols of luxury and style.

11.     For example, in 2000, UGG® boots were featured on Oprah's Favorite Things® where Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots."  Since then, the popularity of UGG® footwear has grown exponentially, with celebrities such as Hailey Bieber, Kylie Jenner, Dennis Rodman, and Megan Fox among a myriad of others regularly seen wearing UGG® footwear.

12.     The world-wide recognition as a "premium" brand and the overwhelming popularity of the UGG® brand is due to Deckers' continuous commitment to quality and excellence. Today, Deckers' footwear products under the UGG® brand are widely

available and sold to consumers in every state, including New York, through UGG® Stores, authorized retailers on the internet and brick-and-mortar stores, as well as on the internet at www.ugg.com.

### B.     Defendant's Infringing Activities

13.     This lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain footwear products that infringe upon Deckers' U.S. Patent D814,162 ("'162 Patent") (the "Accused Product").

14.     Upon information and belief, Defendant is a wholesaler manufacturing, designing, distributing, offering for sale, and/or selling footwear, hosiery, handbags, and fashion accessories. Defendant distributes and/or sells its products under various brands, including those under the Fifth & Luxe brand, to retailers, including those within this judicial district.

15.     Upon information and belief, Defendant and other retailers currently unknown, including DOES 1-10, advertised, offered for sale and sold the Accused Product to consumers, including those residing within this judicial district.

16.     Upon information and belief, Defendant designed, manufactured, imported into the U.S., advertised, marketed, offered for sale, and/or sold at least Accused Product under the Fifth & Luxe brand "Women's Comfortable Microsuede Winter Boot" to customers and retailers nationwide, including those located within this judicial district. Exemplar of the Accused Product below:



**Examples of Accused Product**

17. Deckers has not granted Defendant a license to practice nor given Defendant any form of permission to use Deckers' trademarks, trade dresses, or patents, including Deckers' '162 Patent.

18. Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' intellectual property including its trade dresses and patents. Deckers will seek leave to amend as additional information becomes available through discovery.

19. Upon information and belief, Defendant has acted in bad faith and intended to copy the claimed design of the '162 Patent.

## FIRST CLAIM FOR RELIEF

**(Patent Infringement – U.S. Pat. No. D814,162)**

20. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

21. In order to protect its valuable brands, Deckers owns a number of patents covering various styles of footwear it markets. These patents include U.S. Pat. No. D814,162 issued on April 3, 2018, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

22. Deckers is the owner by assignment of all rights, title and interest in and to the '162 Patent issued in April 2018. Deckers marked substantially all footwear products embodying the design of the '162 Patent with "Patent # D814,162", and/or via virtual patent marking on a product label in compliance with 35 U.S.C. § 287, putting Defendant on notice of the '162 Patent.

23. Defendant have produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Product which bear a design substantially similar to the ornamental design of the '162 Patent, in violation of 35 U.S.C. § 271.

24. Deckers has not granted a license or given Defendant any form of permission to the '162 Patent and Defendant's infringement of the '162 Patent is without Deckers' permission or authority and in total disregard of Deckers' intellectual property rights.

25. As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined

at trial.  Deckers is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

26. Upon information and belief, Defendant's infringing acts were willful, deliberate, and taken in reckless disregard of the '162 Patent despite having been put on notice through Deckers' pending patent marking. Defendant took these actions knowing the objectively high likelihood that such actions constituted infringement of the '162 Patent.  As Defendant's willful acts render this an exceptional case, Deckers is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

27. Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendant's infringement of the '162 Patent, which is ongoing. Accordingly, Deckers is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '162 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Gina Group, LLC as follows:

1. A judgment that Defendant has infringed U.S. Pat. No. D814,162 and that said infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, and their agents, servants, employees, officers,

associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

    a.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Product or any other products that are substantially similar in overall appearance to the design of the '162 Patent;

    b.    engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

    c.    committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3.    Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Product and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.  Ordering Defendant pay damages adequate to compensate Deckers for Defendant's infringement of the '162 Patent pursuant to 35 U.S.C. § 284, or the total profit Defendant made from its infringement of the '162 Patent pursuant to 35 U.S.C. § 289;

6.  Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.  Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.  Awarding applicable interest, costs, disbursements and attorneys' fees; and

9.  Such other relief as may be just and proper.


Dated:     July 10, 2023              BLAKELY LAW GROUP

                                      By:  /s/ Brent H. Blakely
                                      _____
                                      Brent H. Blakely (BB1966)
                                      Blakely Law Group
                                      1334 Parkview Avenue, Suite 280
                                      Manhattan Beach, CA 90266
                                      Telephone: (310) 546-7400
                                      **Attorneys for Plaintiff**
                                      **Deckers Outdoor Corporation**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated: July 10, 2023          BLAKELY LAW GROUP

By: /s/ Brent H. Blakely
_____
Brent H. Blakely
**Attorneys for Plaintiff
Deckers Outdoor Corporation**